UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE-TZU LIN, | Civ. No. S-14-666 KJM CKD |
| Plaintiff, | |
| v. | ORDER |
| DIGNITY HEALTH—METHODIST HOSPITAL OF SACRAMENTO, et al., | |
| Defendants. | |

On May 22, 2014, plaintiff Lin filed an opposition to defendants' motions to dismiss and to strike. She has supported her opposition with several exhibits, including a copy of a letter from the Medical Board of California reporting the results of its investigation of her. Opp'n, Ex. 3; ECF No. 12-3 at 2. The letter refers to plaintiff's treatment of two patients, whose names and medical conditions have not been redacted. *Id*.

On May 29, 2014, plaintiff filed a request to seal this letter, noting that sealing is appropriate because information was not redacted under Local Rule 140(a)(vi). ECF No. 13.

Local Rule 141(a) provides that "[d]ocuments may be sealed only by written order of the Court." The request to seal "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." *Id.* 141(b). "[A] party may submit an opposition

1

1  . . . within three days of the date of service . . . ." *Id.* 141(c). "The opposition shall not be filed
2  . . . ." *Id.* Defendants have notified the court they do not oppose the request.

3  There is a strong presumption in favor of public access to court records. *See*
4  *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial
5  records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.
6  2006). Depending on the type of motion, the court applies different standards in resolving
7  requests to seal. *Id.* at 1180.

8  For documents filed with a dispositive motion, a party "must meet the high
9  threshold of showing that 'compelling reasons' support secrecy." *Id.* That is, the party
10 requesting to seal "must articulate[] compelling reasons supported by specific factual findings . . .
11 that outweigh . . . public interest in understanding the judicial process." *Id.* at 1178-79 (internal
12 citation and quotation marks omitted). "In general, 'compelling reasons' sufficient to outweigh
13 the public's interest in disclosure and justify sealing court records exist when such 'court files
14 might become a vehicle for improper purposes,' such as the use of records to gratify private spite,
15 promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179
16 (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 589 (1978)). Motions to dismiss are
17 considered dispositive. *BT Collective v. IP Holdings, LLC*, No. 11cv0021–LAB (WVG), 2011
18 WL 5873388 (S.D. Cal. Nov. 23, 2011).

19 The court agrees that the patients' identities and their medical information should
20 not have been revealed. *See U.S. ex rel. Lockyer v. Hawaii Pac. Health*, 2007 WL 128853, at *1
21 (D. Hawaii, Jan. 10, 2007) (finding compelling reason to seal documents revealing patient names
22 and other medical information that could not easily be redacted). Plaintiff agrees she should have
23 redacted that information in conformance with Local Rule 140 (a). Nevertheless, she has not
24 shown a compelling reason to seal the rest of the information in the letter and has not suggested
25 redacting this information will be difficult or will render the document indecipherable.

26 However, to protect the patients' privacy, the court will strike Exhibit Three and
27 order it sealed. If plaintiff wants the court to consider it, she must submit a properly redacted
28 /////

version within twenty-four hours of the filing of this order.  This order is not a ruling on defendants' other objections to Exhibit Three.

   Plaintiff's counsel is directed to show cause at the hearing on the motion to dismiss why he should not be sanctioned for failing to follow Local Rule 140(a).

   IT IS THEREFORE ORDERED that:

   1.  Exhibit Three to plaintiff's opposition, ECF No. 12-3 at 2, is stricken;

   2.  The Clerk of the Court is directed to seal the single page exhibit at ECF No. 12-3 at 2;

   3.  Plaintiff's properly redacted copy of the letter from the Medical Board is due within twenty-four hours of the filing of this order; and

   4.  Counsel is directed to show cause on June 6, 2014, why he should not be sanctioned.

DATED:  June 2, 2014.

          _____
          UNITED STATES DISTRICT JUDGE