MANATT, PHELPS & PHILLIPS, LLP
BARRY S. LANDSBERG (Bar No. CA 117284)
E-mail: blandsberg@manatt.com
DOREEN WENER SHENFELD (Bar No. CA 113686)
E-mail: dshenfeld@manatt.com
COLIN M. MCGRATH (Bar No. CA 286882)
E-mail: cmcgrath@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for Defendants
DIGNITY HEALTH DBA METHODIST HOSPITAL OF
SACRAMENTO and THOMAS IMPERATO, M.D.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE-TZU LIN, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>DIGNITY HEALTH - METHODIST HOSPITAL OF SACRAMENTO, THOMAS IMPERATO, M.D., an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:14-CV-00666-KJM-CKD<br><br>Hon. Kimberly J. Mueller<br><br>**DEFENDANTS DIGNITY HEALTH DBA METHODIST HOSPITAL OF SACRAMENTO AND THOMAS IMPERATO, M.D.'S REPLY IN SUPPORT OF MOTION TO RECOVER ATTORNEYS' FEES AND COSTS PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16(C); SUPPLEMENTAL DECLARATION OF DOREEN WENER SHENFELD;**<br><br><u>**REQUEST FOR ORAL ARGUMENT FOR "YOUNG ATTORNEY"**</u><br><br>Complaint Filed:  March 12, 2014<br>Trial Date:  None Set<br><br>Hearing Date:  9/12/14<br>Time:  10:00 a.m. |

## I. INTRODUCTION.

Plaintiff Lee-Tzu Lin, M.D. ("Lin") concedes that having prevailed on their anti-SLAPP motion, Defendants Dignity Health, dba Methodist Hospital of Sacramento and Thomas Imperato, M.D. (collectively "the Hospital"), are, pursuant to California Code of Civil Procedure ("CCP") section 425.16(c)(1), entitled to recover their reasonable attorneys' fees and costs.[1] (Opp'n at 1.)

Lin's only argument in opposition to the Hospital's Motion for Attorneys' Fees ("Motion") is that the amount requested is too high. However, none of Lin's purported grounds justify a reduction in the amount requested by the Hospital, which, as explained more fully in the Motion, reflects the reasonable time spent by the Hospital's attorneys at Manatt, Phelps & Phillips, LLP ("Manatt"), multiplied by their respective reasonable hourly rate. The Hospital submitted detailed time entries along with the Motion describing work done in relation to the anti-SLAPP motion. Lin has made no effort to meet her burden of demonstrating, by specific evidence, that the hours claimed are not compensable.

*First,* Lin's argument that the Hospital "seek[s] recovery of *all* of its litigation fees for the ***entire litigation***" (Opp'n at 2, emphasis in original) is simply incorrect. As explained in the Hospital's Motion, the fee request excluded time spent exclusively on issues not encompassed by the anti-SLAPP motion – *i.e.,* Lin's federal claims and the associated motion to dismiss those claims. (See Motion at 4, n. 4.) To the extent work spent on the motion to dismiss Lin's state claims overlapped with the work done on the anti-SLAPP motion, the Hospital is

---

[1] While normally the Hospital would agree to have this matter submitted on the moving, opposition and reply papers, in this instance the motion would be argued by Colin McGrath, a second-year associate representing the Hospital, and thus the Hospital requests that oral argument be held pursuant to the "Young Attorneys" provision in Judge Mueller's Standing Orders. Should the Court hold oral argument on the Motion, Mr. McGrath's fees and costs associated with the oral argument will not be billed to the client and thus will not be included in the fees and costs sought by the Motion.

entitled to recover those fees. Lin ignores this point and the cited authority, however, and instead blatantly mischaracterizes the Hospital's request.

*Second,* Lin contests Manatt's billing rates and time spent on the anti-SLAPP motion generally, but provides no specific evidence to rebut the reasonableness of Manatt's rates and identifies no specific time entries with which she disagrees. She states only that the case was "not complex" and that Manatt "brought out all the guns where all the guns were not needed." (Opp'n at 4.) But it is quite absurd for the losing party, who filed a complaint bringing seven separate causes of action, five of which were state claims subject to the anti-SLAPP motion, to now backtrack and argue that the Hospital's attorneys essentially worked too hard in obtaining a complete dismissal of all five state law claims through an anti-SLAPP motion.

The Hospital did not ask to be sued in a SLAPP suit, and it is improper for Lin to characterize an order granting them an award of their attorneys' fees incurred in defending this action as a "windfall." (Opp'n at 4.) The only "windfall" will be to Lin if she is allowed to escape having to pay statutorily mandated attorney fees for a successful anti-SLAPP motion. For the reasons set forth in the Motion and herein, the Court should grant the Hospital's Motion for the full amount of requested fees.

## II. THE COURT SHOULD AWARD THE HOSPITAL ITS ATTORNEYS' FEES

### A. The Hours Expended By The Hospital's Counsel Were Reasonable.

#### 1. The Hospital Is Entitled to Recover Fees Incurred For the Common Issues of Law Presented By the Motion to Dismiss and the anti-SLAPP Motion.

Lin contends that the Hospital seeks recovery of "*all* of its litigation fees or the *entire litigation.*" (Opp'n at 2, emphasis in original.) This is flatly wrong. As stated in the Motion, the Hospital excluded from its fee request time spent solely on the issues presented by Lin's federal claims and the associated motion to dismiss

those claims. (Motion at 4, n. 4.) However, to the extent there were fees incurred for issues that were inextricably intertwined between the motion to dismiss Lin's state claims and the Hospital's anti-SLAPP motion, the Hospital is entitled to recover all those fees.[2] A reduction in fees is not justified simply because work performed in connection with the anti-SLAPP motion also happened to be relevant to the Hospital's related motion to dismiss. To the contrary, "[a]ttorney's fees **need not be apportioned** when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." *Reynolds Metals Co. v. Alperson,* 25 Cal.3d 124, 129 (1979) (emphasis added); *see also Kearney v. Foley and Lardner,* No. 05-2112, 2008 WL 761089, at *3 (S.D. Cal. Mar. 18, 2008) (emphasis added) (where a motion to strike and a motion to dismiss are "based entirely on a common factual scenario . . . [and] some of defendants' fees were inextricably intertwined, . . . **[a]ll expenses incurred on common issues of fact and law qualify for an award of attorneys' fees under the anti-SLAPP statute and those fees need not be apportioned.**"). Lin completely ignores this point, along with the authority cited in the Motion.

This case is quite unlike *Christian Research Inst. v. Alnor,* 165 Cal. App. 4th 1315 (2008), relied upon by Lin, in which the court concluded that billing entries listing over 600 hours were padded and vague, and thus not credible. *Id.* at 1324–25. In that case, the Court identified many billing entries that were unrelated to the anti-SLAPP motion—*e.g.*, drafting press releases, conferring about the proper way to address opposing counsel and the client, and researching a summary judgment motion. *Id.* at 1325. By contrast, here the Hospital's Motion includes a particularized list of billing entries, none of which represents time spent on totally unrelated firm business or client development. Moreover, Lin points to no specific

---

[2] In connection with their anti-SLAPP motion, the Hospital argued, and prevailed on the argument, that the Complaint was legally insufficient—the same arguments that were presented in the motion to dismiss.

evidence that refutes the declarations of counsel explaining that the time listed was spent in connection with the anti-SLAPP motion. *See Tuchscher Dev. Ents., Inc. v. San Diego Unified Port Dist.*, 106 Cal. App. 4th 1219, 1248 (2003) (finding no basis to disturb fee award based on argument that billing was duplicative and unreasonable absent citation to the record or challenges to specific fees billed).

### 2. The Hours Spent on the Anti-SLAPP Motion Are Reasonable

Without citing to any authority or pointing to a single entry that was not relevant to the anti-SLAPP motion, Lin baldly asserts that "no more than 40 hours be allotted to the preparation of the anti-SLAPP motion." (Opp'n at 5-6.) Instead, she twice misrepresents the Hospital's request as seeking fees and costs for the entire litigation (Opp'n at 2, 4). Lin also conveniently forgets that she disclosed confidential patient information in her opposition papers, which required the Hospital to perform additional work arranging for the filing of a stipulated motion to seal such information in order to preserve patient confidentiality.

This case is nothing like *Maughan v. Google Tech. Inc.*, 143 Cal. App. 4th 1242 (2006), also relied upon by Lin, in which the court awarded fees based on the number of hours spent by opposing counsel as opposed to prevailing party's counsel, after finding that the prevailing party submitted "vague" time entries and did not even quantify the total number of hours spent working on the anti-SLAPP motion. *Id.* at 1251. Here, the Hospital submitted detailed descriptions and time sheets, and Lin has not identified any specific entry with which she disagrees. Moreover, *Maughan* does not dictate any particular rule about the number of hours that can be reasonably expended on an anti-SLAPP motion. Nor could it, because such an interpretation "would deprive the trial court of the full range of discretion envisioned by the *Ketchum* court." *Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n*, 163 Cal. App. 4th 550, 561 (2008) (citing *Ketchum v. Moses*, 24

Cal. 4th 1122, 1132)[3] (rejecting a plaintiff's invitation to adopt the 50-hour figure set forth in *Maughan* "as an upper limit for the hours allowed on a section 425.16 motion to strike").

### B. The Hourly Rates Charged By Manatt Are Reasonable.

Lin argues that the rates charged by Manatt "do not appear to be prevailing market rates." (Opp'n at 3.) However, she provides no evidence of her own to challenge Manatt's rates, and instead proposes, again without citing any authority, that the hourly rate "should not exceed $500 per hour." (Opp'n at 5.) A "reasonable" hourly rate need only be within the normal <u>range</u> for similarly experienced attorneys. *See Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628, 659 (1996), *overruled, in part, on other grounds in Equilon Enters. v. Consumer Care, Inc.*, 29 Cal. 4th 53 (2002) (upholding total award of $130,506.71); *Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1223–24 & 1228 (S.D. Cal. 2002) (awarding $318,687.99 in fees and costs under Section 425.16(c)). Manatt's rates are well within the normal <u>range</u> for attorneys of similar experience and is comparable with other large national firms with offices in Sacramento, such as DLA Piper, Foley & Lardner, Greenberg Traurig, and Orrick, Herrington & Sutcliffe. (Shenfeld Decl., ¶ 4.)

Lin points to no actual evidence that the rates charged by the Hospital's counsel were unreasonable. In fact, the average rate for the fees sought in the Motion is $575.72 per hour, which is only slightly above Lin's proposed rate.[4]

### C. Additional Fees Incurred in Connection with this Reply.

Prevailing Defendants have incurred additional fees in the following amounts

---

[3] Notably, Lin quotes language from *Ketchum* in her Opposition (see Opp'n at p. 2), but she neglects to provide the case name or citation other than a page number.

[4] As it does from time to time, and as explained in the Motion (Motion at p. 4), Manatt applied a 15% discount to the fees incurred by the Hospital, which was incorporated into the Hospital's final lodestar calculation.

in connection with preparing this Reply. Colin McGrath spent 6.75 hours reviewing Lin's opposition, performing related research, and drafting the reply brief. (Shenfeld Decl., ¶ 2.) Doreen Shenfeld spent an additional 1.25 hours revising and finalizing the reply brief. (Shenfeld Decl., ¶ 3.) Accordingly, the Hospital requests an additional award of $2,986.69, for a total award of $124,607.02.

## III. CONCLUSION.

The Hospital is entitled to recover all reasonably incurred attorneys' fees and costs from Lin. This includes time spent on issues that were common to portions of the motion to dismiss and the anti-SLAPP motion. Lin has not and cannot point to any time entry that was improper. The hourly rate charged by the Hospital's attorneys are comparable to large firms that have offices in Sacramento and in any event, on the average are within the range suggested by Lin. Accordingly, for the reasons set forth in the Motion and in this Reply brief, the Hospital respectfully requests that this Court grant the Motion in its entirety and award it all of the fees and costs incurred, and expected to be incurred, through September 12, 2014, in the total amount of $124,607.02. A separate cost bill will be submitted following a ruling on this motion.

Dated: September 5, 2014         MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Barry S. Landsberg
    Barry S. Landsberg
    Doreen Wener Shenfeld
    Colin M. McGrath
    Attorneys for Defendants DIGNITY
    HEALTH DBA METHODIST
    HOSPITAL OF SACRAMENTO
    AND THOMAS IMPERATO, M.D.

# DECLARATION OF DOREEN WENER SHENFELD

I, Doreen Wener Shenfeld, declare:

1. I am an attorney at law licensed to practice before the Courts of the State of California, and I am counsel at Manatt, Phelps & Phillips, LLP, ("Manatt") attorneys of record for prevailing defendants Dignity Health dba Methodist Hospital of Sacramento and Thomas Imperato, M.D. (together, the "Hospital"). I make this declaration on the basis of personal knowledge, and if called as a witness I could and would testify competently thereto under oath.

2. I supervised Colin McGrath's drafting of this reply brief. Based upon my review of his time entries on this matter, I know that Mr. McGrath spent 6.75 hours reviewing Lin's opposition brief, performing research related to this reply, and drafting the reply brief. Mr. McGrath's hourly rate on this matter is $331.50 per hour, which is a reasonable rate for his services, and is well within the range of rates for attorneys at large law firms with reasonably comparable skills and experience for comparable work.

3. I spent 1.25 hours revising and finalizing the reply brief. My rate on this matter is $599.25 per hour, which falls within the range of fees commonly charged by attorneys of similar training, experience, and expertise at comparable law firms.

4. The rates charged by Manatt in this case are comparable to rates charged by other large and established law firms of similar training, experience and expertise. A true and correct copy of the National Law Journal's 2013 Billing Survey of the United States' largest law firms ("NLJ Survey") is attached to the Hospital's Motion as Exhibit 3. The NLJ Survey reflects the billing ranges for partners and associates, and, as summarized below, includes several firms with Sacramento offices and shows that Manatt is well within the range of billing rates charged by similar firms.

| FIRM | PARTNER HIGH | PARTNER LOW | ASSOCIATE HIGH | ASSOCIATE LOW |
|---|---|---|---|---|
| DLA Piper | $1,025 | $450 | $750 | $250 |
| Foley & Lardner | $860 | $405 | $470 | $210 |
| Greenberg Traurig | $955 | $360 | $595 | $200 |
| Manatt, Phelps & Phillips, LLP[5] | $795 | $640 | $550 | $250 |
| Orrick, Herrington & Sutcliffe | $945 | $305 | $675 | $170 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and this declaration was executed on September 5, 2014 in Los Angeles, California.

_____
Doreen Wener Shenfeld

312816594.1

---

[5] Listed associate rates are current ranges as of January 1, 2014.