UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LEE-TZU LIN,

Plaintiff,

v.

DIGNITY HEALTH–METHODIST HOSPITAL OF SACRAMENTO, et. al.,

Defendants.

Civ. No. S-14-0666 KJM CKD

ORDER

On September 11, 2014, the court heard argument on defendants' motion to recover attorneys' fees and costs under California Code of Civil Procedure § 425.16(c). Gordon Egan appeared for plaintiff; Colin McGrath appeared for defendants. For the reasons below, the court GRANTS IN PART and DENIES IN PART the motion.

I. BACKGROUND

Plaintiff Lee-Tzu Lin filed a complaint on March 12, 2014, alleging the following seven claims: (1) a violation of 42 U.S.C. § 1981 against Methodist; (2) a violation of 42 U.S.C. § 2000d, *et seq.* (Title VI) against Methodist; (3) a violation of California Business and Professions Code § 17200 against all defendants; (4) a violation of California Business and Professions Code § 16720 against all defendants; (5) interference with the right to practice a profession against all defendants; (6) interference with prospective economic advantage against

Methodist and Imperato; and (7) a violation of California Health and Safety Code § 1278.5 against Methodist and Imperato. ECF No. 1.

On May 2, 2014, defendants filed two motions: (1) a special motion to strike plaintiff's state law claims based on California Code of Civil Procedure § 425.16; and (2) a motion to dismiss all of plaintiff's claims based on Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 8, 10. The court, on July 10, 2014, granted both motions. ECF No. 21 at 16.

Defendants filed the instant motion on July 25, 2014, seeking $121,620.33 in attorneys' fees and costs. ECF No. 25 at 4. Plaintiff opposed the motion. ECF No. 26. Defendants' reply included a request for additional fees incurred since the filing of their motion, in the amount of $2,985.69. ECF No. 27 at 6.

II. STANDARD

Federal courts look to state law in determining motions for fees and costs with respect to California's anti-SLAPP laws. *See Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1221 (S.D. Cal. 2002) (applying state law in motion based on Cal. Civ. Proc. Code § 425.16(c)); *Minichino v. First Cal. Realty*, C-11-5185 EMC, 2012 WL 6554401, at *2 (N.D. Cal. Dec. 14, 2012) (applying state law in weighing merits of motion for fees and costs under anti-SLAPP statute). Under California law, an award of attorneys' fees to the prevailing party on a special motion to strike is mandatory. Cal. Civ. Proc. Code § 425.16(c); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001) (stating that "any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees").

The amount of such fees and costs must be reasonable. *Robertson v. Rodriguez*, 36 Cal. App. 4th 347, 362 (1995). In determining the reasonableness of fees and costs, the court has broad discretion. *See Metabolife*, 213 F. Supp. 2d at 1222. The court should consider "such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved." *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 448 (2002) (citations omitted).

A reasonable fee under California's anti-SLAPP statute is calculated using the lodestar approach. *See Ketchum*, 24 Cal. 4th at 1136. The lodestar figure is "the number of hours

reasonably expended multiplied by the reasonable hourly rate." *PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1094 (2000). This calculation may be adjusted by the court based on factors including "the novelty and difficulty of the questions involved" and "the skill displayed in presenting them." *Ketchum*, 24 Cal. 4th at 1132.

## III. ANALYSIS

### A. Reasonable Hourly Rates

Defendants seek the following hourly rates for their attorneys and paralegals:

| | |
|---|---|
| Attorney Barry Landsberg | $709.75 |
| Attorney Doreen Shenfeld | $599.25 |
| Attorney Joanna McCallum | $599.25 |
| Attorney Colin McGrath | $331.50 |
| Paralegal Jane Catz | $256.00 |
| Paralegal Oscar Velasquez | $114.75 |

ECF No. 25 at 9; Shenfeld Decl. ¶¶ 7–12, ECF No. 25.[1] Defendants claim the rates charged by their attorneys "are comparable to rates charged by other large and established law firms of similar training, experience and expertise in the Los Angeles area." ECF No. 25 at 10. Defendants also assert that because the rates are the same as those charged to their attorneys' other clients, the rates are presumptively reasonable, citing the Seventh Circuit case *Gusman v. Unisys Corp*., 986 F.2d 1146, 1150 (1993). That case is not applicable here, where California law governs.

In determining a reasonable hourly rate in lodestar calculations, the relevant community is generally the forum in which the district court sits. *Scott v. Kelkris Assocs.*, 2:10-CV-1654 WBS, 2012 WL 1131360, at *5 (E.D. Cal. Mar. 29, 2012) (finding the Eastern District of California to be the relevant community in motion pursuant to anti-SLAPP statutes); *PLCM Group*, 22 Cal. 4th at 1095 ("The reasonable hourly rate is that prevailing in the community for

[1] The hourly rates sought in the motion reflect the amount invoiced to defendants: the attorneys' standard hourly rates less a 15 percent discount. Shenfeld Decl. ¶ 4, ECF No. 25.

similar work."). In the "unusual circumstance that local counsel is unavailable a trial court may consider out-of-town counsel's higher rates." *Rey v. Madera Unified School Dist.*, 203 Cal. App. 4th 1223, 1241 (2012) (citations omitted). The use of such higher rates "requires a sufficient showing that hiring local counsel was impracticable." *Id.* (citing *Nichols v. City of Taft*, 155 Cal. App. 4th 1233, 1244 (2007)).

Defendants have provided no evidence demonstrating that local counsel was unavailable or unable to handle a case of this nature. Accordingly, this court finds the relevant community in the instant matter is the Sacramento Division of the Eastern District of California.

It is the requesting party's burden to produce evidence that its requested rates are in line with those in the prevailing community for similar services. *Minichino*, 2012 WL 6554401, at *5 (in anti-SLAPP case, "burden is on the fee applicant to produce satisfactory evidence 'that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation'") (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

Defendants have submitted the following evidence: Barry Landsberg is a health industry litigation partner and has practiced civil litigation for over thirty years. Shenfeld Decl., ¶ 7 & Ex. 4, ECF No. 25. Doreen Shenfeld has twenty years of experience "representing hospitals, medical staffs, medical groups and healthcare systems at all levels in the peer review process." *Id.* ¶ 8 & Ex. 5. Joanna McCallum was admitted to the bar in 1996 and "has extensive experience handling appellate and business litigation matters." *Id.* ¶ 9. She specializes in healthcare law as well as anti-SLAPP cases. *Id.* & Ex. 6. Colin McGrath is a litigation associate who was admitted to the bar in 2012. *Id.* ¶ 10 & Ex. 7. Attached to Shenfeld's declaration are the bios of each attorney, listing representative matters as well as publications. *Id.* Exs. 4-7.

Although defendants do not refer to Sacramento rates in their motion, in reply they assert their rates are "comparable with other large national firms with offices in Sacramento, such as DLA Piper, Foley & Lardner, Greenberg Traurig, and Orrick, Herrington & Sutcliffe." ECF No. 27 at 5. But defendants provide no declarations from attorneys at those firms to support their claim. Rather, they rely on the National Law Journal's 2013 Billing Survey of the United States'

largest law firms (NLJ Survey). Shenfeld Decl. Ex. 3, ECF No. 25. Defendants cite no cases in which the NLJ Survey was used as a basis for determining reasonable hourly rates. The survey does not separately list the hourly rates of the Sacramento offices of the firms defendants point to. It does not provide a sufficient basis for determining a reasonable hourly rate in this community.

Indeed, the hourly rates defendants seek significantly exceed prevailing market rates in the Sacramento area as found by other courts. *See Crowe v. Gogineni*, 2:11-CV-3438 JAM DAD, 2014 WL 130488, at *4 (E.D. Cal. Jan. 13, 2014), *report and recommendation adopted*, 2014 WL 1513277 (E.D. Cal. Apr. 16, 2014) ($350 per hour reasonable rate for lead partner practicing nearly twenty years who frequently filed anti-SLAPP motions to strike; $225 reasonable rate for associate with five years' experience); *Gauchat-Hargis v. Forest River, Inc.* 2:11-CV-2737 KJM, 2013 WL 4828594, at *10 (E.D. Cal. Sept. 9, 2013) ($200 per hour reasonable rate for junior associate); *Joe Hand Promotions, Inc. v. Albright*, 2:11-CV-2260 WBS, 2013 WL 4094403, at *2 (E.D. Cal. Aug 13, 2013) ($350 per hour reasonable rate for attorney with twenty years' experience); *Broad. Music Inc. v. Antigua Cantina & Grill, LLC*, 2:12-CV-1196 KJM, 2013 WL 2244641, at *2 (E.D. Cal. May 21, 2013) ($275 per hour reasonable rate for attorney with twenty years' experience in intellectual property matters).

Based on experience and expertise as well as prevailing rates in Sacramento, the court finds that reasonable hourly rates for defendants' attorneys are as follows: Landsberg $350, Shenfeld $350, McCallum $300, and McGrath $200.

With respect to paralegals Catz and Velasquez, defendants' requested rates are also too high. Courts have determined prevailing hourly rates for paralegals in this area to be $75 per hour. *See Kalani v. Statewide Petroleum, Inc.*, 2:13-CV-02287 KJM, 2014 WL 4230920, at *6 (E.D. Cal. Aug. 25, 2014); *Deocampo v. Potts*, 2:06-CV-1283 WBS, 2014 WL 788429, at *9 (E.D. Cal. Feb. 25, 2014).

In light of the tasks they performed, $75 per hour is a reasonable rate for both Catz and Velasquez.

/////

/////

B. Hours Expended

Defendants seek recovery of 211.25 hours of attorney and paralegal time. Plaintiff contends no more than 40 hours should be allotted for defendants' preparation of the anti-SLAPP motion, correctly pointing out "[t]he complaint in this matter was not complex." ECF No. 26 at 4, 5-6.

Given the non-complex nature of the anti-SLAPP motion, the 211.25 hours sought by defendants is high. *See Moreau v. Daily Indep.*, 1:12-CV-1862 LJO, 2013 WL 796621, at *2 (E.D. Cal. Mar. 4, 2013) (anti-SLAPP motion filed against pro se plaintiff "should take no more than 40 hours" for experienced attorney); *Crowe*, 2014 WL 130488, at *5 (135.4 hours expended on anti-SLAPP motion unreasonable, instead awarding 75 hours); *Plevin v. City & Cnty. of S.F.*, 11-CV-2359 MEJ, 2013 WL 2153660, at *8 (N.D. Cal. May 16, 2013) (71.5 hours of attorney time reasonable); *Smith v. Payne*, C 12-1732 DMR, 2013 WL 1615850, at *3 (N.D. Cal. April 15, 2013) (66.5 hours reasonable); *Maughan v. Google Tech., Inc.*, 143 Cal. App. 4th 1242, 1249 (2006) (affirming 50 hours as opposed to 200 hours reasonable).

To determine the appropriate number of compensable hours, the court analyzes the defendants' invoices.

1. Defendants' Burden of Documentation

It is defendants' burden "to submit supporting documentation with their fee motion that provides sufficient detail so that the Court can determine with a high degree of certainty that the hours billed were actually and reasonably expended." *Fabrini v. City of Dunsmuir*, 2:07-CV-1099 GEB, 2008 WL 1808502, at *1 (E.D. Cal. Apr. 22, 2008), *vacated in part on other grounds*, 631 F.3d 1299 (9th Cir. 2011) (citations omitted); *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008).

An examination of defendants' redacted invoices reveals that defendants have submitted documentation for only 198.5 hours of attorney and paralegal time. Shenfeld Decl. ¶ 4 & Ex. 2, ECF No. 25. The court deducts 12.75 hours based on lack of supporting documentation.

/////

/////

2. Time Spent on Successful Motion

Plaintiff claims the 198.5 hours reflects "billing for services not related to or necessary for drafting the successful motion." ECF No. 26 at 4. A prevailing party on a successful anti-SLAPP motion "may recover fees and costs only for the motion to strike, not the entire litigation." *Christian Research,* 165 Cal. App. 4th at 1320 (citations omitted). Plaintiff is correct that defendants seek reimbursement of fees expended for numerous tasks unrelated to preparing the motion to strike, including time spent reviewing the complaint, discussing the assigned judge, researching plaintiff's attorney, and obtaining, drafting and filing an extension of time to respond to the complaint. Shenfeld Decl. Ex. 2, ECF No. 25 (multiple entries on 3/21, 3/25, [2] 3/26, 3/27, 3/31, 4/1, 4/2, 4/8, 4/26, & 4/28). The court determines this time is not recoverable and so deducts 17.75 hours of time spent on tasks outside the scope of the anti-SLAPP motion.

Defendants' invoices reflect a considerable number of entries for time expended in connection with their motion to dismiss. Defendants claim these fees are recoverable because "many of the arguments presented in support of [the motion to dismiss] the state claims overlapped and were inextricably intertwined with arguments presented as to 'Prong 2' of the anti-SLAPP motion (failure to state a legally sufficient claim)." ECF No. 25 at 9 n.4. Work that is "inextricably intertwined with an anti-SLAPP motion" is recoverable. *Braden v. BH Fin. Servs., Inc.,* C 13-02287 CRB, 2014 WL 892897, at *5 (N.D. Cal. Mar. 4, 2014). However, "mere common issues of fact are insufficient to award all fees when legal theories do not overlap or are not inextricably intertwined." *Kearney v. Foley & Lardner,* 553 F. Supp. 2d 1178, 1184 (S.D. Cal. 2008). In *Critical Care Diagnostics, Inc. v. American Ass'n for Clinical Chemistry,*

[2] Although two entries on 3/25 by timekeepers DWS and BSL contain references to tasks attributable to the anti-SLAPP motion in addition to time spent on non-allowable tasks, the court is unable to determine how much time was spent on each set of tasks. The entire entry is disallowed. *See Bell v. Vista Unified School Dist.*, 82 Cal. App. 4th 672, 689 (2000) ("If counsel cannot further define his billing entries so as to meaningfully enlighten the court of those related to the [fee claim], then the trial court should exercise its discretion in assigning a reasonable percentage to the entries, or simply cast them aside.").

*Inc.*, 13-CV-1308 L, 2014 WL 2779789 (S.D. Cal. June 19, 2014), defendant the American Association for Clinical Chemistry, Inc. (AACC) successfully moved to strike plaintiff's complaint based on the anti-SLAPP statute and sought attorneys' fees in connection with time spent researching personal jurisdiction and drafting an unfiled Rule 12(b)(2) motion. AACC contended the research on the personal jurisdiction issue was inextricably intertwined with its anti-SLAPP motion. *Id.* at *2. Noting that the "anti-SLAPP statute may not be applied to matters involving federal questions," the court found the motion to dismiss neither overlapped nor was inextricably intertwined with the anti-SLAPP issues. *Id.* n.2.

Here, plaintiff's complaint included claims under both state and federal laws. Defendants' special motion to strike attacked only plaintiff's state law claims and was not intertwined with the portions of the motion to dismiss relating to plaintiff's claims based on 42 U.S.C.§ 1981 and 42 U.S.C. § 2000d. Only the time spent on the motion to dismiss with respect to dismissal of the state law claims is recoverable as a general matter.

However, the court finds defendants' invoice entries for time spent on the motion to dismiss are too vague to support determination of which time is recoverable. A number of entries indicate nothing more than "research for motions" (JSM entry for 4/10/14); "Research and draft motions" (JSM entry for 4/16/14); "Research, draft and revise motion to dismiss and anti-SLAPP motion" (JSM entry for 4/17/14); "Review and revise responsive motions" (JSM entry for 4/18/14); "Review and revise motions" (JSM entry for 4/28/14); "Revise and finalize motions" (JSM entry for 4/30/14). Ex. 2, ECF No. 25. Defendants' invoices record a total of at least 133.75 hours referencing the motion to dismiss, without sufficient detail for the court to determine whether such time is recoverable.

Based on its review of the motion to dismiss and motion to strike, the court finds up to fifty percent of the arguments presented in support of defendants' motion to dismiss overlapped and were inextricably intertwined with arguments presented in support of their anti-SLAPP motion. Therefore, of defendants' vague time entries referencing both motions, the court will deduct twenty-five percent, or 33.44 hours.

/////

3. Duplication

Plaintiff argues that time spent by defendants' attorneys was duplicative and inefficient. "[T]rial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum*, 24 Cal. 4th at 1132. Similarly, the court may look to attorneys' expertise in determining whether time spent in connection with an anti-SLAPP motion is reasonable. *Maughan v. Google Tech, Inc.*, 143 Cal. App. 4th 1242, 1249 (2006) (upholding trial court's decision that $112,288.63 in attorneys' fees and costs was unreasonable where prevailing party's counsel acknowledged they were "old hats at [anti-]SLAPP litigation").

Of defendants' four attorneys, three have significant experience. Landsberg has been practicing for thirty years, Shenfeld for twenty, and McCallum for eighteen. Shenfeld Decl. ¶¶ 7–9, ECF No. 25. These three attorneys are experienced in anti-SLAPP litigation and representation of hospitals and medical staffs in connection with the peer review process. *Id.* Exs. 4–6. Of the total hours sought in this motion, 80 percent of the time was expended by Landsberg, Shenfeld, and McCallum. ECF No. 25 at 9.

Defendants' time entries show inefficiencies. For example, attorney McCallum has "extensive experience handling appellate and business litigation matters," and specializes in healthcare law as well as anti-SLAPP, *id.* ¶ 9 & Ex. 6, yet spent in excess of 44 hours researching, drafting, and revising the motion to strike and allowable portions of the motion to dismiss. *See, e.g.*, JSM entries for 4/7–8, 4/10–11, 4/13–18, 4/23–24, 4/26, 4/28–30, and 5/1–2. Ex. 2, ECF No. 25. *See also* DWS entries for 4/3 & 4/25-26 (inefficiencies in researching, revising, and redrafting motions). Defendants' time entries also show duplication of effort, including numerous email conferences, conference calls involving multiple attorneys, review of materials by multiple attorneys, and review and revision of motions by multiple attorneys. *See, e.g.*, BSL, JSM, & DWS entries for 3/31, 4/1, 4/3, & 4/4 (three senior attorneys reviewing complaint); BSL, DWS, JSM, & CZM entries for 4/3 (billing for same conference); DWS entries for 4/15 & 4/17 (reviewing motion researched, drafted, and revised by another senior attorney); DWS & JSM entries for 4/18 (same and billing for same conference); DWS entry for 4/22

(working on motion researched, drafted, and revised by another senior attorney); BSL, DWS, JSM, & CZM entries for 4/23 (billing for same communications, discussions, conferences; duplicative work on motions by two senior attorneys); BSL, DWS & JSM entries for 4/24 (billing for same communications and email correspondence); BSL, DWS & JSM entries for 4/25 (same); DWS entry for 4/25 and DWS & JSM entries for 4/26 (two senior attorneys revising same motion); BSL, DWS & JSM entries for 4/28 (same and work by two senior attorneys on same declaration); BSL, DWS & JSM entries for 4/29 (three senior attorneys revising and editing same motions; multiple attorneys billing for same conferences/emails); BSL entries for 4/30 & 5/1 (revising, editing and reviewing work by senior attorneys); BSL & DWS entries for 5/2 (billing for same email discussions and revising motions drafted and revised by other senior attorneys); BSL & DWS entries for 5/23 (billing for same email discussions); BSL & DWS entries for 5/28 (same); BSL & DWS entries on 6/5 and 6/6 (billing by two senior attorneys to prepare for and attend motion hearing). *Id.*

The court should consider "whether the case was overstaffed," in determining reasonableness of the hours sought in a fee motion. *See Christian Research*, 165 Cal. App. 4th at 1320. Based on a review of the time entries, the non-complex nature of the anti-SLAPP motion, and the experience of defendants' attorneys, the court determines that 24.59 hours should be deducted for inefficiency and 51.06 hours for duplication.

4. <u>Summary</u>

In sum, the court makes the following deductions from the 211.25 hours sought by defendants:

| | |
|---|---|
| No documentation | -12.75 hours |
| Outside scope: | -17.75 hours |
| Unrecoverable work on motion to dismiss: | -33.44 hours |
| Duplication: | -51.06 hours |
| Inefficiency: | -24.59 hours |

The reasonable time recoverable for defendants' work on the anti-SLAPP motion is 71.66 hours.

C. Lodestar

The approximate time expended by the attorneys and paralegals in connection with the anti-SLAPP motion was as follows:

| | |
|---|---|
| Attorney Landsberg | 23% |
| Attorney Shenfeld | 30% |
| Attorney McCallum | 27% |
| Attorney McGrath | 11% |
| Paralegal Catz | 7% |
| Paralegal Velasquez | 2% |

ECF No. 25 at 9. Applying these percentages to the 71.66 hours reasonably charged in this case, the fees recoverable are as follows:

| Attorney or Paralegal | Rate | Hours | Subtotal |
|---|---|---|---|
| Landsberg | $350 | 16.48 | $ 5,768.00 |
| Shenfeld | $350 | 21.50 | $ 7,525.00 |
| McCallum | $300 | 19.35 | $ 5,805.00 |
| McGrath | $200 | 7.88 | $ 1,576.00 |
| Catz | $ 75 | 5.02 | $ 376.50 |
| Velasquez | $ 75 | 1.43 | $ 107.25 |
| TOTAL | | | $21,157.75 |

D. Costs

A defendant prevailing on an anti-SLAPP motion to strike is entitled to an award of costs. Cal. Civ. Proc. Code § 425.16. It is defendants' burden "to produce records sufficient to provide a proper basis for determining" the award. *Christian Research*, 165 Cal. App. 4th at

1320. Here as well, the costs recoverable are those "for the motion to strike, not the entire litigation." *Id.*

Defendants seek recovery of $2,483.14 in expenses. ECF No. 25 at 9. Plaintiff does not object to defendants' costs. The court awards costs in the amount of $2,483.14.

E. Additional Fees Requested in Reply

In their reply brief, defendants seek additional fees in the amount of $2,985.69 for 8 hours of attorney time in connection with the motion for attorneys' fees: Colin McGrath spent 6.75 hours and Doreen Shenfeld 1.25 hours. ECF No. 27 at 7. This amount is reasonable. Applying the reasonable hourly rates above, defendants are awarded an additional $1,787.50 in fees.

## IV. CONCLUSION

As explained above, defendants are awarded the following:

| | |
|---|---|
| Attorneys' fees: | $21,157.75 |
| Costs: | $ 2,483.14 |
| Supplemental attorneys' fees: | $ 1,787.50 |
| TOTAL: | $25,428.39 |

IT IS SO ORDERED.

DATED: November 3, 2014.

UNITED STATES DISTRICT JUDGE